ORIGINAL

By Fax

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
   david@setarehlaw.com
3  SETAREH LAW GROUP
   9665 Wilshire Blvd., Suite 430
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   KASPER LEUZINGER

7

**FILED**

JUN 28 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11 KASPER LEUZINGER, on behalf of himself
   and all others similarly situated,

12              *Plaintiff*,

13      vs.

14 GARDNER TRUCKING, INC., a California
   corporation; CRST EXPEDITED, INC., an
15 Iowa Corporation; and DOES 1 through 50,
   inclusive,
16
17              *Defendants*.

18

Case No.: **C21-04952TSH**

**CLASS ACTION COMPLAINT**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Indemnify (Lab. Code § 2802);
5. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); and
8. Failure to Pay Employees for All Hours Worked (29 U.S.C. § 201, *et seq.*)

**JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff KASPER LEUZINGER ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this class action against Defendants GARDNER TRUCKING, INC., a California corporation; CRST EXPEDITED, INC, INC., a business entity of unknown form; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

> (1)    failed to provide him and all other similarly situated individuals with meal periods;
>
> (2)    failed to provide them with rest periods;
>
> (3)    failed to pay them premium wages for missed meal and/or rest periods;
>
> (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;
>
> (5)    failed to pay them at least minimum wage for all hours worked;
>
> (6)    failed to pay them overtime wages at the correct rate;
>
> (7)    failed to pay them double time wages at the correct rate;
>
> (8)    failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;
>
> (9)    failed to pay them for all vested vacation pay;
>
> (10)    failed to reimburse them for all necessary business expenses;
>
> (11)    failed to provide them with accurate written wage statements; and
>
> (12)    failed to pay them all of their final wages following separation of employment.

2.    Based on these alleged violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction under 28 U.S.C § 1331 over the claims arising under 29 U.S.C. § 201, the Federal Fair Labor Standards Act ("FLSA"). Furthermore, this Court has

1  supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining  and related claims under the
2  California Labor Code.

3      4.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a
4  substantial part of the events and omissions giving rise to the claims alleged in this complaint
5  occurred in this District.

6      5.    This Court has personal jurisdiction over this matter because Defendants conduct
7  substantial business activity in this District, and because many of the unlawful acts described in this
8  complaint occurred in this District and gave rise to the claims alleged.

9                                        **PARTIES**

10     6.    Plaintiff KASPER LEUZINGER is, and at all relevant times mentioned herein was,
11  an individual residing in the State of California.

12     7.    Defendant GARDNER TRUCKING, INC. is, and at all relevant times mentioned
13  herein, a California corporation, and doing business in the State of California.

14     8.    Defendant CRST EXPEDITED, INC. is, and at all relevant times mentioned herein,
15  an Iowa corporation, and doing business in the State of California

16     9.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of
17  participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive,
18  but is informed and believes and thereupon alleges that the defendants are legally responsible for the
19  wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.
20  Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants
21  when ascertained.

22     10.   Plaintiff is informed and believes and thereupon alleges that, at all relevant times
23  mentioned herein, all defendants were the representatives, agents, employees, partners, directors,
24  associates, joint venturers, principals or co-participants of some or all of the other defendants, and in
25  doing the things hereinafter alleged, were acting within the course and scope of such relationship and
26  with the full knowledge, consent, and ratification of each of the other defendants.

27     11.   Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
28  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and

1  conspired with one another, and aided and abetted one another to accomplish the occurrences, acts

2  and omissions alleged herein.

3  **CLASS ALLEGATIONS**

4      12.    This action has been brought and may be maintained as a class action pursuant to the

5  Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest

6  among the persons who comprise the readily ascertainable classes defined below and because Plaintiff

7  is unaware of any difficulties likely to be encountered in managing this case as a class action.

8      13.    **Relevant Time Period**:  The relevant time period is defined as the time period

9  beginning four years prior to the filing of this action until judgment is entered.

10      **Hourly Employee Class:**  All persons employed by Defendants and/or any staffing agencies

11  and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period.

12          **Meal Period Sub-Class:**  All **Hourly Employee Class** members who worked a shift in excess of five hours during the Relevant Time Period.

13

14          **Rest Period Sub-Class:**  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

15          **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

16

17      **Wage Statement Penalties Class**:  All persons employed by Defendants and/or any staffing

18  agencies and/or any other third parties in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

19      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California

20  during the **Relevant Time Period**.

21      **Expense Reimbursement Class:**  All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

22      14.    **Reservation of Rights:**  Plaintiff reserves the right to amend or modify the class

23  definitions with greater specificity, by further division into sub-classes and/or by limitation to

24  particular issues.

25      15.    **Numerosity:**  The class members are so numerous that the individual joinder of each

26  individual class member is impractical.  While Plaintiff does not currently know the exact number of

27  class members, Plaintiff is informed and believes that the actual number exceeds the minimum

28  required for numerosity under Federal law.

16.    **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

G.    Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

H.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

I.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

J.    Whether Defendants failed to pay class members all wages without discount;

K.    Whether Defendants applied policies or practices that result in late and/or

incomplete final wage payments;

L.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

M.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

17.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the FLSA, California Labor Code, and California Business and Professions Code as alleged herein.

18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

19.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to be simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would therefore make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

///

1

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

2       21.     Plaintiff is a current employee of Defendant, who was hired in or about January of

3   2019 as a non-exempt hourly employee.

4       22.     Defendants had a common policy and/or practice of denying Plaintiff and class

5   members the opportunity to take meal periods, including second meal periods, in compliance with

6   California law. During their employment with Defendants, Plaintiff and the putative class regularly

7   worked shifts of eight to twelve hours per day, without being afforded a meal break during the first

8   five hours, and/or a second meal break after ten hours, as required by California law.

9       23.     Plaintiff and the putative class members were not provided with meal periods of at

10  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

11  scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift

12  with not enough workers; (3) imposing so much work on each employee such that it made it unlikely

13  that an employee would be able to take their breaks if they wanted to finish their work on time; (4)

14  interrupting employees with calls and texts during breaks; (5) requiring Plaintiff and putative class

15  members to remain on call during their meal and rest periods; and (6) no formal written meal and

16  rest period policy that encouraged employees to take their meal and rest periods.

17      24.     Additionally, and as discussed below, Plaintiff and class members experienced

18  compensable, but unpaid, time having to wait for their time clock system to boot up, thus prohibiting

19  them from taking the timely meal periods and rest breaks to which they were entitled.

20      25.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not

21  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

22  worked due to complying with Defendants' productivity requirements that required Plaintiff and the

23  putative class to work through their meal periods in order to complete their assignments on time.

24      26.     Plaintiff and the putative class members were not provided with rest periods of at

25  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

26  Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically

27  understaffing each work shift with not enough workers; (3) imposing so much work on each

28  employee such that it made it unlikely that an employee would be able to take their breaks if they

1    wanted to finish their work on time; (4) interrupting employees with calls and texts during breaks;

2    (5) requiring Plaintiff and putative class members to remain on call during their meal and rest

3    periods; and (6) no formal written meal and rest period policy that encouraged employees to take

4    their meal and rest periods.

5          27.     As a result of Defendants' policies, Plaintiff and the putative class were regularly not

6    provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

7    due to complying with Defendants' productivity requirements that required Plaintiff and the putative

8    class to work through their rest periods in order to complete their assignments on time.

9          28.     Defendants' had a common policy and practice of denying Plaintiff and class

10   members minimum wages. Specifically, Plaintiff and class members were required to work off-the-

11   clock for which they were not paid wages. Plaintiff and class members were required to respond to

12   calls and text messages from Defendant before and after their shifts. Additionally, Plaintiff and class

13   members were required to respond to calls and text messages during their unpaid meal periods which

14   they were systemically denied. Furthermore, Plaintiff and class members were experienced

15   compensable, but unpaid, time in waiting for the time clock system to boot up. Plaintiff and class

16   members were never paid wages for the off-the-clock work performed. This unpaid time caused

17   Plaintiff and class members to work in excess of eight (8), ten (10), and sixteen (16) hours a day,

18   entitling them to overtime wages which they were systemically denied.

19         29.     Defendants had a common policy and practice of failing to pay Plaintiff and class

20   members proper overtime and double-time wages. Plaintiff and class members consistently worked

21   in excess of ten (10) and up to sixteen (16) hours a day. However, Plaintiff and class members were

22   only paid overtime wages for hours worked in excess of forty (40) hours a week. Additionally, the

23   uncompensated hours discussed above caused Plaintiff and class members to work in excess of eight

24   (8) hours day and/or forty (40) hours a week, entitling Plaintiff and class members to overtime and

25   double-time wages which they were systemically denied.

26         30.     Defendants also had a common policy and/or practice of failing to reimburse Plaintiff

27   and class members for necessary business expenditures incurred in executing their duties under

28   Defendants' employ. Plaintiff and the putative class members were required to utilize their own

1  personal phones to perform their job duties, specifically to communicate with their supervisors and
2  dispatchers throughout their shift. Plaintiff and class members were also required to purchase strap
3  rollers, and other tools, as part of their work related duties, for which they were never reimbursed.

4      31.    Plaintiff and the putative class members were not reimbursed for these business
5  expenses incurred in maintaining their equipment and cell phone use for business purposes, including
6  text messages and minutes.

7      32.    Defendants failed to reimburse Plaintiff and the putative class for such necessary
8  business expenses incurred by them.

9      33.    Plaintiff and the putative class were not provided with accurate wage statements as
10  mandated by law pursuant to Labor Code section 226.

11      34.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages
12  earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

13      35.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked
14  by the employee" were not accurately reflected in that: all hours worked, including overtime, were
15  not included.

16      36.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned"
17  were not accurately reflected in that: all hours worked, including overtime, were not included.

18      37.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable
19  hourly rates in effect during the pay period and the corresponding number of hours worked at each
20  hourly rate by the employee" were not accurately reflected in that: all hours worked, including
21  overtime, were not included.

22                          **FIRST CAUSE OF ACTION**
23                   **FAILURE TO PROVIDE MEAL PERIODS**
24             **(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**
25                  **(Plaintiff and Meal Period Sub-Class)**

26      38.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if
27  fully alleged herein.

28      39.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

1  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

2  Code and the applicable Industrial Welfare Commission Wage Order.

3      40.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

4  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

5  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

6  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

7  minutes for each work period of ten hours.

8      41.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

9  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work

10  during required meal periods and require employers to pay non-exempt employees an hour of

11  premium wages on each workday that the employee is not provided with the required meal period.

12      42.    Compensation for missed meal periods constitutes wages within the meaning of Labor

13  Code section 200.

14      43.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

15  violate the applicable Wage Order.

16      44.    Section 11 of the applicable Wage Order states:

17  "No employer shall employ any person for a work period of more than five (5) hours
without a meal period of not less than 30 minutes, except that when a work period of
18  not more than six (6) hours will complete the day's work the meal period may be
waived by mutual consent of the employer and employee.  Unless the employee is
19  relieved of all duty during a 30 minute meal period, the meal period shall be considered
an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall
20  be permitted only when the nature of the work prevents an employee from being
relieved of all duty and when by written agreement between the parties an on-the-job
21  paid meal period is agreed to.  The written agreement shall state that the employee
may, in writing, revoke the agreement at any time."
22
     45.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period
23
agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**
24
members were not subject to valid on-duty meal period agreements with Defendants.
25
     46.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
26
Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**
27
**Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5)
28

1 hour work period, as required by Labor Code section 512 and the applicable Wage Order.

2     47.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

3 Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

4 **Class** members when they worked five (5) hours without clocking out for any meal period.

5     48.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

6 Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

7 **Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay

8 them premium wages as required by Labor Code 512 and the applicable Wage Order.

9     49.    Moreover, Defendants' written policies do not provide that employees must take their

10 first meal period before the end of the fifth hour of work, that they are entitled to a second meal period

11 if they work a shift of over ten hours, or that the second meal period must commence before the end

12 of the tenth hour of work, unless waived.

13     50.    During their employment with Defendants, Plaintiff and the **Meal Period Sub-Class**

14 regularly worked shifts of eight to twelve hours per day, without being afforded a meal break during

15 the first five hours, and/or a second meal break after ten hours, as required by California law.

16     51.    Plaintiff and the **Meal Period Sub-Class** members were not provided with meal

17 periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy

18 of not scheduling each meal period as part of each work shift; (2) chronically understaffing each

19 work shift with not enough workers; (3) imposing so much work on each employee such that it made

20 it unlikely that an employee would be able to take their breaks if they wanted to finish their work on

21 time; (4) interrupting employees with calls and texts during breaks; (5) requiring Plaintiff and **Meal**

22 **Period Sub-Class** members to remain on call during their meal and rest periods; and (6) no formal

23 written meal and rest period policy that encouraged employees to take their meal and rest periods.

24     52.    Additionally, and as discussed above, Plaintiff and class members experienced

25 compensable, but unpaid, time having to wait for their time clock system to boot up, thus prohibiting

26 them from taking the timely meal periods and rest breaks to which they were entitled.

27     53.    As a result of Defendants' policy, Plaintiff and the **Meal Period Sub-Class** were

28 regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five

1 │ (5) hours worked due to complying with Defendants' productivity requirements that required

2 │ Plaintiff and the **Meal Period Sub-Class** to work through their meal periods in order to complete

3 │ their assignments on time.

4 │     54.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

5 │ **Class** members additional premium wages, and/or were not paid premium wages at the employees'

6 │ regular rates of pay when required meal periods were not provided.

7 │     55.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

8 │ and the **Meal Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon,

9 │ and costs of suit.

10 │     56.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

11 │ substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the

12 │ **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

13 │ **SECOND CAUSE OF ACTION**

14 │ **FAILURE TO PROVIDE REST PERIODS**

15 │ **(Lab. Code §§ 204, 223, 226.7 and 1198)**

16 │ **(Plaintiff and Rest Period Sub-Class)**

17 │     57.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

18 │ herein.

19 │     58.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

20 │ non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

21 │ Code and the applicable Wage Order.

22 │     59.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

23 │ employers to permit and authorize employees to take required rest periods at a rate of no less than ten

24 │ minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the

25 │ middle of each work period insofar as practicable.

26 │     60.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

27 │ employers from requiring employees to work during required rest periods and require employers to

28 │ pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each

1  workday that the employee is not provided with the required rest period(s).

2      61.    Compensation for missed rest periods constitutes wages within the meaning of Labor
3  Code section 200.

4      62.    Labor Code section 1198 makes it unlawful to employ a person under conditions that
5  violate the Wage Order.

6      63.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
7  Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
8  with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,
9  as required by the applicable Wage Order.

10     64.    Plaintiff and the **Rest Period Sub-Class** members were not provided with rest periods
11 of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)
12 Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically
13 understaffing each work shift with not enough workers; (3) imposing so much work on each employee
14 such that it made it unlikely that an employee would be able to take their breaks if they wanted to
15 finish their work on time; (4) interrupting employees with calls and texts during breaks; (5) requiring
16 Plaintiff and **Rest Period Sub-Class** members to remain on call during their meal and rest periods;
17 and (6) no formal written meal and rest period policy that encouraged employees to take their meal
18 and rest periods.

19     65.    As a result of Defendants' policies, Plaintiff and the **Rest Period Sub-Class** were
20 regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4)
21 hours worked due to complying with Defendants' productivity requirements that required Plaintiff
22 and the **Rest Period Sub-Class** to work through their rest periods in order to complete their
23 assignments on time.

24     66.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class**
25 members additional premium wages when required rest periods were not provided.

26     67.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself
27 and **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and
28 costs of suit.

68.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

69.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

70.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

71.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

73.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

74.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

75.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

76.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

13

FIRST AMENDED CLASS ACTION COMPLAINT

1   person acting either individually or as an officer, agent or employee of another person, to pay an
2   employee, or cause an employee to be paid, less than the applicable minimum wage.

3       77.    Labor Code section 1198 makes it unlawful for employers to employ employees under
4   conditions that violate the applicable Wage Order.

5       78.    Labor Code section 204 requires employers to pay non-exempt employees their earned
6   wages for the normal work period at least twice during each calendar month on days the employer
7   designates in advance and to pay non-exempt employees their earned wages for labor performed in
8   excess of the normal work period by no later than the next regular payday.

9       79.    Labor Code section 223 makes it unlawful for employers to pay their employees lower
10  wages than required by contract or statute while purporting to pay them legal wages.

11      80.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees
12  to pay non-exempt employees overtime wages of no less than one and one-half times their respective
13  regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in
14  excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh
15  consecutive day of one workweek.

16      81.    Labor Code section 510 and Section 3 of the applicable Wage Order also require
17  employers to pay non-exempt employees overtime wages of no less than two times their respective
18  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours
19  worked in excess of eight hours on a seventh consecutive workday during the workweek.

20      82.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied
21  centrally devised policies and practices to him and **Hourly Employee Class** members with respect to
22  working conditions and compensation arrangements.

23      83.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**
24  **Employee Class** members for all time worked, including but not limited to, overtime hours at
25  statutory and/or agreed rates.

26      84.    Section 9 of the applicable Wage Order states:

27          "When uniforms are required by the employer to be worn by the employee as a
            condition of employment, such uniforms shall be provided and maintained by the
28          employer. The term 'uniform' includes wearing apparel and accessories of distinctive

design or color."

85. If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

86. At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiff with minimum and/or overtime wages for all hours he worked.

87. Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

88. During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

89. Defendants' had a common policy and practice of denying Plaintiff and **Hourly Employee Class** members minimum wages. Specifically, Plaintiff and **Hourly Employee Class** members were required to work off-the-clock for which they were not paid wages. Plaintiff and **Hourly Employee Class** members were required to respond to calls and text messages from Defendant before and after their shifts. Additionally, Plaintiff and **Hourly Employee Class** members were required to respond to calls and text messages during their unpaid meal periods which they were systemically denied. Plaintiff and **Hourly Employee Class** members were never paid wages for the off-the-clock work performed.

90. Additionally, Plaintiff and class members experienced compensable, but unpaid, time

1  having to wait for their time clock system to boot up, thus prohibiting them from taking the timely

2  meal periods and rest breaks to which they were entitled.

3      91.    Defendants had a common policy and practice of failing to pay Plaintiff and **Hourly**

4  **Employee Class** members proper overtime and double-time wages. Plaintiff and **Hourly Employee**

5  **Class** members consistently worked in excess of ten (10) and up to sixteen (16) hours a day.

6  However, Plaintiff and **Hourly Employee Class** members were only paid overtime wages for hours

7  worked in excess of forty (40) hours a week. Additionally, the uncompensated hours discussed above

8  caused Plaintiff and **Hourly Employee Class** members to work in excess of eight (8) hours day

9  and/or forty (40) hours a week, entitling Plaintiff and **Hourly Employee Class** members to overtime

10  and double-time wages which they were systemically denied.

11      92.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

12  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

13  full amount of wages earned during each pay period during the applicable limitations period,

14  including overtime wages.

15      93.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

16  behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and

17  overtime wages, interest thereon and costs of suit.

18      94.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

19  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

20  **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

21  

**FOURTH CAUSE OF ACTION**

22  

**FAILURE TO INDEMNIFY**

23  

**(Lab. Code § 2802)**

24  

**(Plaintiff and Expense Reimbursement Class)**

25      95.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26  herein.

27      96.    Labor Code section 2802(a) states:

28      "An employer shall indemnify his or her employee for all necessary expenditures or

losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

97.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, personal cell phone bills, including call minutes and messaging rates, and the purchase price of gloves in order to execute their duties under Defendants' employ.

98.    Plaintiff is informed and believes, and thereupon alleges that Defendants failed to indemnify Plaintiff and **Expense Reimbursement Class** members for all necessary expenses incurred in the discharge of their duties.

99.    Pursuant to Labor Code section 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form and make of uniforms required to be worn by their employees.

100.    Section 9 of the applicable Wage Order states:

"When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

101.    At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused by Defendants' want of ordinary care.

102.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members for these necessary business expenses.

103.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

104.    Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seeks interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Class)**

105.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

106.     Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

107.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

108.     Plaintiff is informed and believes that, at all relevant times during the applicable

18

1  limitations period, Defendants have failed to provide **Wage Statement Penalties Class** members

2  with written wage statements as described above.

3      109.    Plaintiff is informed and believes that Defendants' failure to provide him and **Wage**

4  **Statement Penalties Class** members with accurate written wage statements were intentional in that

5  Defendants have the ability to provide them with accurate wage statements but have intentionally

6  provided them with written wage statements that Defendants have known do not comply with Labor

7  Code section 226(a).

8      110.    Plaintiff and **Wage Statement Penalties Class** members have suffered injuries, in that

9  Defendants have violated their legal rights to receive accurate wage statements and have misled them

10  about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage

11  statements have prevented immediate challenges to Defendants' unlawful pay practices, has required

12  discovery and mathematical computations to determine the amount of wages owed, has caused

13  difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the

14  submission of inaccurate information about wages and deductions to federal and state government

15  agencies.

16      111.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

17  **Statement Penalties Class** members, seek the greater of actual damages or $50.00 for the initial pay

18  period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent

19  pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate

20  penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

21                          **SIXTH CAUSE OF ACTION**

22                    **FAILURE TO TIMELY PAY ALL FINAL WAGES**

23                          **(Lab. Code §§ 201-203)**

24              **(Plaintiff and Waiting Time Penalties Sub-Class)**

25      112.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26  herein.

27      113.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have

28  been entitled, upon the end of their employment with Defendants, to timely payment of all wages

1  earned and unpaid before termination or resignation.

2      114.    At all relevant times, pursuant to Labor Code section 201, employees who have been

3  discharged have been entitled to payment of all final wages immediately upon termination.

4      115.    At all relevant times, pursuant to Labor Code section 202, employees who have

5  resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to

6  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

7      116.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his

8  final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

9      117.    Plaintiff is informed and believes that, at all relevant time during the applicable

10  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

11  members all of their final wages in accordance with the Labor Code.

12      118.    Plaintiff is informed and believes that, at all relevant times during the applicable

13  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

14  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

15  sections 201 or 202 by failing to timely pay them all final wages.

16      119.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

17  timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful

18  in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201

19  and/or 202 but have intentionally adopted policies or practices that are incompatible with those

20  requirements.

21      120.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

22  **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their

23  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

24      121.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

25  and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

26  **Class** members, seek awards of reasonable attorneys' fees and costs.

27  ///

28  ///

**SEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

122.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

123.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

124.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

125.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

126.    Plaintiff and the **UCL Class** members re-allege and incorporate the FIRST, SECOND, THIRD, and FOURTH causes of action herein.

127.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

128.    Defendants have or may have acquired money by means of unfair competition.

129.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

130.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, provide non-exempt employees with uninterrupted, duty-free rest periods of at least ten minutes for each work period of four or more hours, by failing to pay non-exempt employees

1    for all hours worked, and by failing to reimburse them for all expenses.

2         131.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

3    employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

4         132.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes

5    unfair competition within the meaning of Business and Professions Code section 17200 *et seq*.

6    Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows

7    a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair,

8    unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of

9    similarly situated persons in a class action proceeding.

10        133.    As a result of Defendants' violations of the Labor Code during the applicable

11   limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

12   of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

13        134.    Plaintiff is informed and believes that other similarly situated persons have been

14   subject to the same unlawful policies or practices of Defendants.

15        135.    Due to the unfair and unlawful business practices in violation of the Labor Code,

16   Defendants have gained a competitive advantage over other comparable companies doing business in

17   the State of California that comply with their legal obligations.

18        136.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

19   for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates

20   or is considered unlawful under any other state or federal law.

21        137.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff

22   requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

23   Defendants, and each of them, and their agents and employees, from further violations of the Labor

24   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an

25   order permanently enjoining Defendants, and each of them, and their respective agents and

26   employees, from further violations of the Labor Code and applicable Industrial Welfare Commission

27   Wage Orders.

28        138.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

FIRST AMENDED CLASS ACTION COMPLAINT

1 | himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

2 | belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

3 | and unfair business practices.

4 |     139.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

5 | and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

6 | reasonable attorneys' fees in connection with their unfair competition claims.

7 | <u>**EIGHTH CAUSE OF ACTION**</u>

8 | **FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED**

9 | **IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT**

10 | **(29 U.S.C. § 201, *et seq*.)**

11 |     140.    Plaintiff incorporates the preceding paragraphs of the Complaint as if

12 | fully alleged herein.

13 |     141.    At all material times herein, Plaintiff and all similarly situated **Hourly Employee**

14 | **Class** members who submit "Consents to Become Party Plaintiffs" are or were employed by and

15 | engaged in providing services necessary by Defendant, and have been entitled to the rights,

16 | protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

17 |     142.    The FLSA requires, among other things, that employers pay employees

18 | the minimum wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

19 |     143.    At all material times, the time spent compensable time waiting for the time clock to

20 | boot up, performed work related tasks, before and after their shifts, and performed work related

21 | duties during unpaid meal periods. These uncompensated hours were necessarily and directly

22 | related to the principal activities of the employee's duties, and thus constitutes compensable time

23 | under the FLSA and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

24 |     144.    At all material times herein, Defendants have violated the FLSA by failing to pay

25 | Plaintiff for all hours worked and at the applicable rate of pay.

26 |     145.    At all material times herein, Defendants have violated the FLSA by failing to pay

27 | **Hourly Employee Class** at one-and-one-half (1.5) times the regular rate of pay when working time

28 | causes an employee's total hours worked to exceed forty (40) hours a week, and or eight (8), ten

(10), twelve (12), and sixteen (16) hours a day.

146.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by **Hourly Employee Class** members in violation of 29 U.S.C. § 2ll(c).

147.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all (employee's) employed by Defendants.

148.    Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

149.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

150.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    Unpaid wages;

E.    Actual damages;

F.    Liquidated Damages;

G.    Unreimbursed expenses;

H.    Restitution;

1   I.   Declaratory relief;

2   J.   Pre-judgment interest;

3   K.   Statutory penalties;

4   L.   Costs of suit;

5   M.   Reasonable attorneys' fees; and

6   N.   Such other relief as the Court deems just and proper.

7   **DEMAND FOR JURY TRIAL**

8   Plaintiff, on behalf of himself, all others similarly situated, and the general public, hereby

9   demands a jury trial on all issues so triable.

10

11   Dated:  June 25, 2021                        SETAREH LAW GROUP

12

13

14                                                      SHAUN SETAREH
                                                        DAVID KELEDJIAN
15                                                      Attorneys for Plaintiff
                                                        KASPER LEUZINGER
16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT