UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASPER LEUZINGER,<br><br>    Plaintiff,<br><br>vs.<br><br>GARDNER TRUCKING, INC. AND CRST EXPEDITED, INC.,<br><br>    Defendants. | Case No.: 21-CV-4952-YGR<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY AND GRANTING MOTION TO CONSOLIDATE**<br><br>Re: Dkt Nos. 12, 17 |

On June 28, 2021, plaintiff Kasper Leuzinger filed this putative class action against Gardner Trucking, Inc., and CRST Expedited, Inc., alleging violations of the California Labor Code, the Fair Labor Standards Act, and California's Unfair Competition Law. (Dkt. No. 1.) Defendant CRST Expedited, Inc. d/b/a CRST The Transport Solution, Inc. – Dedicated West f/k/a Gardner Trucking, Inc. has moved to dismiss or stay this action based on the first-to-file rule in light of the earlier filed related action *Castro v. Gardner Trucking, Inc.*, 20-CV-5473-YGR, also pending before this Court. (Dkt. No. 12.) Plaintiff subsequently moved to consolidate this action with the *Castro* action. (Dkt. No. 17.) For the reasons stated below, the Court **DENIES** the motion to dismiss or stay and **GRANTS** the motion for consolidation.

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The first-to-file rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Defense Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Moreover, the first-to-file rule is discretionary. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir.

1991) ("The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'") (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)).

In arguing for the application of the first-to-file rule, defendant submits that *Castro* was the first filed action, both actions "cover virtually the same putative class and claims against the same defendant," and the issues are similar "because both class actions involve [d]efendant's alleged failures to comply with overlapping sections of the California Labor Code and FLSA against nonexempt employees." (Dkt. No. 10–13.)[1] While plaintiff responds, *inter alia*, that the first-to-file rule does not apply to matters before the same court and the same judge (Dkt. No. 19 at 3–4), defendant counters that the rule applies to actions filed in the same district (Dkt. No. 20 at 1–2). Defendant's rebuttal, however, does not address the present situation in which the actions at issue are pending before the same judge.

"[T]he concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court." *Rodriguez v. Taco Bell Corp.*, No. 13-CV-1498-SAB, 2013 WL 5877788, at *3 (E.D. Cal. Oct. 30, 2013); *see also Automated Logic Contracting Servs., Inc. v. Sprig Electric Co.*, No. 17-CV-5910 (EJD), 2018 WL 984857, at *2 (N.D. Cal. Feb. 20, 2018) ("When, as here, the two actions are before the same judge, neither comity nor efficiency need to be separately promoted."); *Sheehy v. Santa Clara Valley Transp. Auth.*, No. 14-CV-1325 (PSG), 2014 WL 2526968, at *2 (N.D. Cal. June 4, 2014) ("Even though the threshold factors are satisfied, the justifications for application of the first-to-file do not resonate because the undersigned presides over the two

---

[1] The *Castro* action is brought by a former employee truck driver seeking to represent the following class: "All persons who worked for Defendants GARDNER, in the State of California as a truck driver or other similar job title at any time on or after April 6, 2016." (No. 20-CV-5473, Dkt. No. 1-1, ¶ 18.)

The instant action is brought by a current non-exempt hourly employee seeking to represent an hourly employee class defined as follows: "All persons employed by Defendants and/or any staffing agencies any/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." (No. 21-CV-4952, Dkt. No. 1, ¶ 13.) Plaintiff also seeks to represent a meal period sub-class, rest period sub-class, waiting time penalties sub-class, wage statement penalties class, UCL class, and expense reimbursement class. (*Id.*)

parallel actions at issue."); *Lantiq n. Am., Inc. v. Ralink Tech. Corp.*, No. 11-CV-234 (EJD), 2011 WL 2600747, at *9 (N.D. Cal. June 30, 2011) ("Because both matters have been ordered related and are now pending before the same Judge, the Court concludes that the 'first to file rule' does not apply."). "Since one judge controls both cases, the litigation can be arranged in the manner most advantageous to the parties and the court." *Automated Logic*, 2018 WL 984857, at *2.[2]

Because both actions at issue are pending before the undersigned, application of the first-to-file rule is not appropriate. Therefore, the Court **DENIES** the motion to dismiss or stay this action in light of the *Castro* action. Moreover, for the same reasons submitted by defendant in support of its own motion, the Court hereby **GRANTS** the motion to consolidate this action with the *Castro* action. The Court is not persuaded that the filing of the present action constitutes venue shopping or that consolidation would cause unnecessary delay, confusion, or prejudice, as alleged by defendant. In fact, given the overlapping issues, economies are gained by consolidation. To the extent that the schedule needs to be adjusted, the parties may request to be placed on a case management calendar.

The Clerk of Court shall consolidate this action with Case No. 20-CV-5473-YGR and administratively close this case.

This Order terminates Docket Numbers 12 and 17.

**IT IS SO ORDERED**.

Date: September 22, 2021

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Defendant cites *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289 (N.D. Cal. 2013) and *Abrahams v. Hard Drive Prods., Inc.*, No. 12-CV-1006 (JCS), 2012 WL 1945493, at *1 (N.D. Cal. May 30, 2012), for the proposition that the first-to-file rule applies to cases filed in the same district. (Dkt. No. 20 at 2–3.) However, in *Wallerstein*, the two cases at issue were in different districts at the time this Court decided that the first-to-file rule applied. *See Wallerstein*, 967 F. Supp. 2d at 1291. In *Abrahams*, the two actions at issue, while filed in the same district, were pending before different judges. *See Abrahams*, 2012 WL 1945493 at *7. Accordingly, neither case supports applying the rule in the present situation where two actions are pending before the same judge. Nor has the Ninth Circuit addressed the applicability of the first-to-file rule to such circumstances.