1   Christopher C. McNatt, Jr. (SBN 174559)
    cmcnatt@scopelitis.com
2   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
    2 North Lake Avenue, Suite 560
3   Pasadena, CA 91101
    Phone: 626-795-4700; Fax: 626-795-4790
4
    James H. Hanson, *pro hac vice*
5   jhanson@scopelitis.com
    Andrew J. Ireland, *pro hac vice pending*
6   aireland@scopelitis.com
    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
7   10 West Market Street, Suite 1400
    Indianapolis, IN 46204
8   Phone: 317-637-1777; Fax: 317-687-2414

9   Charles Andrewscavage, *pro hac vice*
    candrewscavage@scopelitis.com
10  Jared S. Kramer, *pro hac vice*
    jskramer@scopelitis.com
11  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
    30 West Monroe Street, Suite 1600
12  Chicago, IL 60603
    Phone: 312-255-7200; Fax: 312-422-1224
13
14  *Attorneys for Defendants*
    *(Additional counsel listed on the following page)*
15                  UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA
17
18  KASPER LEUZINGER, MICHAEL ALLEN           Case No. 4:21-cv-04952-YGR
    JENSEN, and WILLIAM MATNEY-TATE, on
19  behalf of themselves and all others similarly    Consolidated with:
    situated,                                         4:21-cv-07474-YGR
20                                                     4:21-cv-07741-YGR
                    Plaintiff,
21
            v.                                    **DEFENDANTS' SUPPLEMENTAL**
22                                                **MEMORANDUM IN OPPOSITION TO**
    GARDNER TRUCKING, INC., a California         **MOTION TO INTERVENE**
23  corporation; GARDNER TRUCKING
    CONVERSION, LLC, a California Limited Liability
24  Company; CRST EXPEDITED, INC., an Iowa        Date:        September 3, 2024
    Corporation; CRST THE TRANSPORTATION          Time:        2:00 PM
25  SOLUTION, INC., an entity of unknown formation;  Judge:    Yvonne Gonzalez Rogers
    and DOES 1 through 50, inclusive,                          Courtroom 1, 4th Floor
26
27                  Defendants.
28

Kristen J. Nesbit (SBN 242426)
knesbit@fisherphillips.com
Shaun J. Voigt (SBN 265721)
svoigt@fisherphillips.com
Jeffrey Elkrief (SBN 321030)
jelkrief@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, CA 90071
Phone: 213-330-4500; Fax: 213-330-4501

*Attorneys for Defendants*

## I.      INTRODUCTION

The only reason Proposed Interveners seek to intervene here is to derail the Parties' settlement. *See* Transcript of Proceedings Held July 9, 2024 (*Hearing Tr.*)[1] at 7:16-19. Despite their claims otherwise, their reason for doing so is clear—they would have joined in this settlement had Plaintiffs agreed to a split of the attorney fees from the settlement, which tells the Court all it needs to know about their motivation. And as the Court explained, counsel's interest in attorney fees is not a valid basis upon which to grant intervention or deny approval of this settlement. *Id.* at 24:17-23.

Proposed Intervenors' allegations of unfairness also lack merit on their face. The settlement is preceded by CRST's production of voluminous records[2] and two arms' length negotiations with well-respected class action mediators.[3] The settlement reflects a reasonable compromise the Parties spent months negotiating, including a final settlement value which recognizes significant risks Plaintiffs faced due to CRST's substantive and procedural defenses—another fact Proposed Intervenors ignore. The Court should deny intervention and approve the Parties' settlement.

## II.     ARGUMENT

### A.      Proposed Intervenors' Interest in This Action is Adequately Protected.

The law in this Circuit is clear: intervention by a member of the settlement class is inappropriate. *Cochran v. Accellion, Inc.*, No. 5:21-CV-01887-EJD, 2021 WL 5161921, at *2 (N.D.

---

[1] The hearing transcript is attached as Exhibit A to the declaration of Jared S. Kramer (Kramer Declaration) submitted with this Memorandum.

[2] Prior to the Parties' first mediation, CRST produced all the documents that had been provided to Castro's counsel—more than 200,000 pages total—including a sampling of payroll and timekeeping records for the Gardner-Dedicated West Settlement Class. Prior to the second mediation, CRST supplemented that production with the additional documents produced in *Castro* during the intervening time period, and has since produced additional payroll data, payroll adjustment and reimbursement data, trip data, federal hours of service (HOS) log data, messaging data, and a sampling of wage statements pertaining to the Expedited Settlement Class.

[3] At the July 9 hearing, counsel for Proposed Intervenors made the meritless suggestion that the mediator, retired Judge Amy D. Hogue, was not qualified. *Hearing Tr.* at 14:8-19. Judge Hogue served on the bench in Los Angeles County Superior Court for 20 years, including 7 in the complex civil litigation department. *See* Signature Resolution, Judge Amy D. Hogue (ret.), available at https://signatureresolution.com/neutral-CPT/hon-amy-d-hogue-ret/ (last visited July 28, 2024). Indeed, she drafted model settlement agreements for wage and hour class actions, which are posted on the L.A. Superior Court website and utilized by lawyers, judges, and mediators throughout California to guide resolution of the very types of claims at issue here. *Id.*

Cal. Nov. 5, 2021)); *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015); *Kang v. Fyson*, 2022 WL 6943174, at *3 (9th Cir. Oct. 12, 2022).

When confronted with the issue at the July 9 hearing, Proposed Intervenors' counsel suggested intervention is necessary to conduct discovery "into what actually occurred" leading to the settlement. *See Hearing Tr.* at 7:7-15; 16:12. Courts have previously rejected similar arguments, including in *Zepeda v. Paypal, Inc.*, where this Court denied intervention by a class member claiming "the settlement negotiations reflect a 'reverse auction' settlement involving 'defendant's collusive selection of the weakest attorney among a number of plaintiff attorneys.'" No. 10CV02500SBAJCS, 2014 WL 1653246, at *5 (N.D. Cal. Apr. 23, 2014). The Ninth Circuit reached a similar conclusion in *Kang*, when it affirmed denial of intervention despite the proposed intervenors' request to "explore the impact of a supposedly secret side deal" that impacted the settlement. *Kang v. Wells Fargo Bank, N.A.*, No. 17-CV-06220-BLF, 2021 WL 4170735, at *4 (N.D. Cal. Sept. 14, 2021), *aff'd sub nom. Kang*, No. 22-15694, 2022 WL 6943174, at *3. The Court should reach the same conclusion here and deny Proposed Intervenors' Motion.

### B. Ramos's Status as a PAGA Representative Does Not Give Him a Right to Intervene.

Tacitly recognizing the protections afforded them under Rule 23, Proposed Intervenors shifted their focus in Reply to argue their motion should be granted because, as the named plaintiff in an overlapping PAGA case, Ramos has the right to intervene. ECF No. 112 at 6, 21. They alternatively argue the case should be stayed pending a decision in *Turrieta v. Lyft, Inc.*, 69 Cal. App. 5th 955 (2021). *Id.* Since the Court's hearing, however, the California Supreme Court issued its decision in *Turrieta*, foreclosing Proposed Intervenors' arguments. The *Turrieta* Court held that representative plaintiffs in a PAGA action "cannot establish a cognizable interest to support intervention under [California] Code of Civil Procedure section 387." *Id.* at *18. It also recognized, as CRST argued in its opposition brief,[4] that the Ninth Circuit already decided the issue under the federal rules. *See Id.* at *21, n. 27 (citing *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1017 (9th Cir. 2022) and noting the Ninth Circuit previously "affirmed a trial court's denial of a PAGA

---

[4] *See* ECF No. 108 at 20-23.

plaintiff's motion to intervene in another aggrieved employee's PAGA action asserting overlapping claims" by "[a]pplying federal intervention law."). Proposed Intervenors' argument that intervention is warranted because Ramos is pursuing an overlapping PAGA claim fails.

### C.   Plaintiffs' Valuation Properly Accounts for CRST's Defenses.

Setting aside that Proposed Intervenors were themselves willing to join this settlement if they received a sufficient share of attorney fees from Plaintiffs' counsel, the thrust of their argument amounts to a purported disagreement about Plaintiffs' valuation of the case. That is not proper grounds for intervention. *Callahan*, 42 F.4th at 1021. It is also unfounded and reflects Proposed Intervenors' failure to properly account for CRST's defenses to the claims at issue.

<u>*Meal and Rest Breaks*</u>. There is no question that Plaintiffs' meal and rest break claims are preempted because all the drivers at issue are subject to the U.S. Department of Transportation's (DOT) hours-of-service (HOS) regulations. *See Decena v. Allegiant Final Mile, Inc.*, 2024 WL 37221, at *3 (N.D. Cal. Jan. 2, 2024 (Rogers, J.). Argument to the contrary appears to be based on two misconceptions. First, that the settlement classes include non-drivers; they do not. *Hearing Tr.* at 23:4-24:8. Second, that "short-haul drivers" are not subject to preemption; this Court rejected that argument in *Decena*. 2024 WL 37221, at *4.[5] Moreover, CRST had compliant meal and rest break policies, and Castro's own declarants' testimony revealed varied experiences regarding whether, when, and why they took or did not take meal and rest breaks. *Castro v. Gardner Trucking, Inc.*, No. 4:20-CV-05473-YGR, ECF No. 76 (*Castro Class Cert. Opp.*) at 15-16 (N.D. Cal. Dec. 1, 2023). The Ninth Circuit previously affirmed denial of certification of analogous claims pled against CRST. *Cole v. CRST Van Expedited, Inc.*, 842 F. App'x 162, 163 (9th Cir. 2021). Regardless of the means by which Plaintiffs calculated maximum potential exposure on their meal and rest break claims, they have little, if any, value.

<u>*Overtime*</u>. The same is true for the overtime claims. All settlement class members are truck drivers qualified to haul interstate loads under DOT regulations, were required to maintain

---

[5] Following inception of these cases, the Ninth Circuit held the FMCSA's preemption determination applies retroactively. *Valiente v. Swift Transportation Co. of Arizona, LLC*, 54 F.4th 581, 585 (9th Cir. 2022).

commercial driver's licenses (CDLs), meet DOT driver qualification requirements, undergo DOT drug and alcohol testing, and could be called upon to transport interstate shipments on any given day. As a result, they are exempt from overtime under federal and California law.[6]

_Minimum Wage_. As an initial matter, the rounding and off-the-clock theories giving rise to these claims do not apply to the 5,188 members of the Expedited Settlement Class and a significant portion of the Gardner-Dedicated West Class, who CRST paid on a load basis. There is also no dispute CRST had a facially lawful policy for its hourly drivers, which required them to accurately record all work time. _See Castro Class Cert. Opp._ at 11 (citing relevant policies). Courts routinely refuse to certify claims of a _de-facto_ off-the-clock policy, like the one Castro pursued. _Braun v. Safeco Ins. Co. of Am._, 2014 WL 9883831, at *15 (C.D. Cal. Nov. 7, 2014). The claim's merits are also belied by testimony from some of Castro's own declarants who testified they accurately recorded their work time. _Castro Class Cert. Opp._ at 21-24.

Proposed Intervenors' counsel argued that, to evaluate their rounding claim, Plaintiffs should have obtained discovery and hired an expert to analyze CRST's timekeeping records. Castro did exactly that, but _chose not to even request certification of that claim. See generally Castro_, ECF No. 69 (Castro's Motion for Class Certification). It strains credulity to argue that intervention is required, or that a settlement should not be approved, based on a theory that Castro explored in discovery but declined to address in his class certification motion. That theory was not advanced by Castro, perhaps, because California law "permits employers to use a rounding policy" as long as it is neutral on its face and in application. _See's Candy Shops, Inc. v. Super. Ct._, 210 Cal. App. 4th 889, 901 (2012).[7]  There is no evidence CRST ever implemented a rounding policy that violated California law, and courts routinely deny certification of rounding time claims under such circumstances. _Walter_

---

[6] _See Nash v. Horizon Freight Sys., Inc._, No. 19-CV-01883-VC, 2020 WL 4284820, at *1 (N.D. Cal. July 27, 2020); _Connell v. Heartland Express, Inc._, No. 2:19-CV-09584-RGK-JC, 2020 WL 813022, at *2 (C.D. Cal. Feb. 6, 2020).

[7] The California Supreme Court is still reviewing the rule from _See's Candy_ in _Camp v. Home Depot_, after the Court of Appeal invited them to decide "the validity of the rounding standard articulated in _See's Candy_ … where the employer can capture and has captured all the minutes an employee has worked and then applies a quarter-hour rounding policy…" 84. Cal.App.5th 63, 644, 661 (2022).

*v. Leprino Foods Co.*, 670 F. Supp. 3d 1035, 1055 (E.D. Cal. 2023). Regardless, CRST stopped rounding drivers' time over four years ago, when it transitioned from handwritten activity/time sheets to paying hourly drivers based on the time logged in their DOT HOS logs in 2020 (years before the Court of Appeal decision in *Camp*). Transcript of Deposition of Don Sandridge (*Sandridge Tr.*) at 115:3-116:1.[8] Regardless of how *Camp* is ultimately decided, CRST's good faith dispute that any wages are owed due to the neutral rounding policy will preclude derivative claims for waiting time penalties or wage statement violations, further diminishing the value of a rounding theory that Castro abandoned. *See Naranjo v. Spectrum Security Services, Inc*. (2024) 15 Cal.5th 1056, 1065.

*Expense Reimbursement*. For a summary of its defenses to the expense reimbursement claim, CRST refers the Court to the Setareh Declaration submitted in support of preliminary approval. ECF No. 104-1 at 19-21. Proposed Intervenors' counsel incorrectly attempted to rebut those defenses at the hearing by arguing discovery obtained in *Castro* revealed "there was a requirement for a cellphone" to be used to navigate "and/or" communicate with dispatch. *Hearing Tr.* at 34:23-35:3. CRST admitted drivers used their phones to communicate but made clear there was no requirement for drivers to use a cell phone for their job, given CRST equipped its trucks with onboard computers they could use for communication and navigation purposes. Just as in other cases, courts have denied certification of analogous claims. *Sandridge Tr.* at 128:1-9; *id.* at 26:11-27:9, 28:18-25; *Williams v. J.B. Hunt Transp., Inc.*, No. SA CV 20-1701 PSG (JDEx), 2021 WL 5816287, at *8 (C.D. Cal. Dec. 7, 2021); *Huckaby v. CRST Expedited, Inc.*, No. 2:21-CV-07766-ODW (PDx), 2022 WL 17101232, at *8-9 (C.D. Cal. Oct. 3, 2022).[9]

---

[8] Don Sandridge was the President of Gardner Trucking, Inc. and testified as CRST's Rule 30(b)(6) corporate representative in *Castro*. An excerpt of the transcript of that deposition containing the cited testimony is attached as Exhibit B to the Kramer Declaration.

[9] The derivative claims carry even less value. Given CRST's defenses to the underlying claims, Plaintiffs face significant risk that, even if they succeeded on them, they would be unable to recover any waiting time or wage statement penalties because they are subject to a good faith defense. *Naranjo*, 15 Cal. 5th at 1065. The UCL claim lacks value for the additional reason that, as former employees, Plaintiffs and Proposed Intervenors lack standing to pursue equitable relief and because they have adequate remedies at law. *Rivera v. Wal-Mart Assocs., Inc.*, No. 2:23-cv-08723-ODW (MRWx), 2024 WL 1809459, at *2 (C.D. Cal. Apr. 25, 2024); *Johnson v. Air Prod. & Chemicals, Inc.*, No. 2:22-cv-07327-JLS-PD, 2023 WL 2663279, at *4 (C.D. Cal. Jan. 26, 2023).

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE IN PENDING ACTION
Case No. 4:21-cv-04952-YGR

1    Dated: August 6, 2024                    Respectfully submitted,

2                                             /s/  *Jared S. Kramer*
3                                                  Jared S. Kramer

4                                             *Attorney for Defendants*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE IN PENDING ACTION
Case No. 4:21-cv-04952-YGR