1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Jose Maria D. Patino, Jr. (SBN 270194)
   jose@setarehlaw.com
3  SETAREH LAW GROUP
   9665 Wilshire Blvd., Suite 430
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  *(Counsel continued on following page)*

7  Attorneys for Plaintiffs
   KASPER LEUZINGER, MICHAEL ALLEN JENSEN, and RICARDO AMEZCUA

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11

12  KASPER LEUZINGER, MICHAEL ALLEN     | Case No.: 4:21-cv-04952-YGR
    JENSEN, WILLIAM MATNEY-TATE, and    |
13  RICARDO AMEZCUA on behalf of        | Consolidated with:
    themselves and all others similarly | 4:21-cv-07474-YGR
    situated,                           | 4:21-cv-07741-YGR
14                                       | 4:22-cv-06501-YGR
                   *Plaintiffs,*         |
15                                       | **THIRD AMENDED CONSOLIDATED**
        v.                               | **CLASS ACTION COMPLAINT**
16                                       |
    GARDNER TRUCKING, INC., a California | 1.  Failure to Provide Meal Periods (Lab. Code
17  corporation; GARDNER TRUCKING       |     §§ 204, 223, 226.7, 512 and 1198);
    CONVERSION, LLC, a California Limited| 2.  Failure to Provide Rest Periods (Lab. Code
18  Liability Company; CRST EXPEDITED,   |     §§ 204, 223, 226.7 and 1198);
    INC., an Iowa Corporation; CRST THE  | 3.  Failure to Pay Hourly Wages (Lab. Code §§
19  TRANSPORTATION SOLUTION, INC., an    |     223, 510, 1194, 1194.2, 1197, 1197.1 and
    entity of unknown formation; and DOES 1|     1198);
20  through 50, inclusive,               | 4.  Failure to Pay Vacation Wages (Lab Code §
                                          |     227.3)
21                 *Defendants.*          | 5.  Failure to Indemnify (Lab. Code § 2802);
                                          | 6.  Failure to Provide Accurate Written Wage
22                                        |     Statements (Lab. Code §§ 226(a));
                                          | 7.  Failure to Timely Pay All Final Wages
23                                        |     (Lab. Code §§ 201, 202 and 203);
                                          | 8.  Unfair Competition (Bus. & Prof. Code §§
24                                        |     17200 *et seq.*); and
                                          | 9.  Failure to Pay Employees for All Hours
25                                        |     Worked (29 U.S.C. § 201, *et seq.*)
                                          | 10. Civil Penalties (Lab. Code § 2698 *et seq.*)
26                                        |
27                                        | **JURY TRIAL DEMANDED**
28

───────────────────────────────────────────

JAMES HAWKINS APLC
James R. Hawkins, Esq. (#192925)
Gregory Mauro, Esq. (#222239)
Michael Calvo, Esq. (#314986)
Lauren Falk, Esq. (#316893)
Ava Issary, Esq. (#342252)
9880 Research Drive, Suite 200
Irvine, CA 92618
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: James@jameshawkinsaplc.com
Email: Greg@jameshawkinsaplc.com
Email: Michael@jameshawkinsaplc.com
Email: Lauren@jameshawkinsaplc.com
Email: Ava@jameshawkinsaplc.com
Attorneys for Plaintiff WILLIAM MATNEY-TATE,
individually and on behalf of all others similarly situated

1

Plaintiffs KASPER LEUZINGER, MICHAEL ALLEN JENSEN, WILLIAM MATNEY-TATE, and RICARDO AMEZCUA (collectively "Plaintiffs"), on behalf of themselves, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1. Plaintiffs bring this class action against Defendants GARDNER TRUCKING, INC., a California corporation; GARDNER TRUCKING CONVERSION, LLC, a California limited liability company; CRST EXPEDITED, INC., an Iowa corporation; CRST THE TRANSPORTATION SOLUTION, INC., an entity of unknown formation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the California Labor Code, California Business and Professions Code, and the Fair Labor and Standards Act. As set forth below, Plaintiffs allege that Defendants have:

(1) failed to provide him and all other similarly situated individuals with meal periods;

(2) failed to provide them with rest periods;

(3) failed to pay them premium wages for missed meal and/or rest periods;

(4) failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5) failed to pay them at least minimum wage for all hours worked;

(6) failed to pay them overtime wages at the correct rate;

(7) failed to pay them double time wages at the correct rate;

(8) failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(9) failed to pay wages without discount;

(10) fail to pay vested vacation wages;

(11) failed to reimburse them for all necessary business expenses;

(12) failed to provide them with accurate written wage statements; and

(13) failed to pay them all of their final wages following separation of employment.

///

2.    Based on these alleged violations, Plaintiffs now brings this class action to recover unpaid wages, restitution, and related relief on behalf of themselves, all others similarly situated.

3.    This is a representative action for recovery of penalties under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code sections 2698 *et seq*.  PAGA permits "aggrieved employees" to bring a lawsuit as a representative action on behalf of the general public as private attorney general and all other current and former aggrieved employees, to recover civil penalties and address an employer's violations of the California Labor Code.

4.    Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code. Plaintiffs, on behalf of themselves and all class members, bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., Cal. Labor Code §§ 201-204, 223, 225.5, 226.2, 226, 226.7, 227.3, 500, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698-99, and 2802, IWC Wage Order No. 9, and claims under the Cal. Business & Professions Code §§ 17200-17204., seeking unpaid wages, unpaid premiums for missed meal and rest periods, penalties, liquidated damages, and reasonable attorneys' fees and costs. Plaintiffs also seeks penalties under Labor Code 2698*, et. seq.* on behalf of the general public as private attorney general and all other aggrieved employees.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. § 1331 over the claims arising under 29 U.S.C. § 201, the Federal Fair Labor Standards Act ("FLSA"). Furthermore, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining and related claims under the California Labor Code.

6.    Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

7.    This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

///

**PARTIES**

8.    Plaintiff KASPER LEUZINGER is, and at all relevant times mentioned herein was, an individual residing in the State of California. Plaintiff KASPER LEUZINGER is currently employed by Defendants.

9.    Plaintiff MICHAEL ALLEN JENSEN is, and at all relevant times mentioned herein was, an individual residing in the State of California.

10.   Plaintiff WILLIAM MATNEY-TATE is, and at all relevant times mentioned herein was, an individual residing in the State of California.

11.   Plaintiff RICARDO AMEZCUA is, and at all relevant times mentioned herein was, an individual residing in the State of California.

12.   Defendant GARDNER TRUCKING, INC. is, and at all relevant times mentioned herein, a California corporation, and doing business in the State of California.

13.   Defendant GARDNER TRUCKING CONVERSION, LLC, is, and at all relevant times mentioned herein, a California corporation, and doing business in the State of California.

14.   Defendant CRST EXPEDITED, INC. is, and at all relevant times mentioned herein, an Iowa corporation, and doing business in the State of California

15.   Defendant CRST THE TRANSPORTATION SOLUTION, INC. is, and at all relevant times mentioned herein, a corporation of unknown formation, and doing business in the State of California.

16.   Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but are informed and believe and thereupon allege that the defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

17.   Plaintiffs are informed and believe and thereupon allege that, at all relevant times mentioned herein, all defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in

1 | doing the things hereinafter alleged, were acting within the course and scope of such relationship and
2 | with the full knowledge, consent, and ratification of each of the other defendants.

3 |      18.    Plaintiffs are informed and believe, and thereupon allege that, at all relevant times
4 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and
5 | conspired with one another, and aided and abetted one another to accomplish the occurrences, acts
6 | and omissions alleged herein.

7 | **CLASS ALLEGATIONS**

8 |      19.    This action has been brought and may be maintained as a class action pursuant to the
9 | Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest
10 | among the persons who comprise the readily ascertainable classes defined below and because
11 | Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class
12 | action.

13 |      20.    **Relevant Classes**:

14 | • **Gardner-Dedicated West Class.** The Gardner-Dedicated West Class is defined as follows:
15 | "All California resident truck driver employees who worked for CRST as part of what is now
16 | known as Dedicated West from April 6, 2016 through February 29, 2024."

17 | • **Expedited Class.** The Expedited Class is defined as follows: "All California resident truck
18 | driver employees who worked for CRST as part of what is now known as Expedited Solutions
19 | from August 10, 2017 through February 29, 2024."

20 | The Gardner-Dedicated West Class and the Expedited Class are referred to, collectively, as the
21 | "Class."

22 |      21.    **Reservation of Rights**:  Plaintiffs reserve the right to amend or modify the class
23 | definitions with greater specificity, by further division into sub-classes and/or by limitation to
24 | particular issues.

25 |      22.    **Numerosity**:  The class members are so numerous that the individual joinder of each
26 | individual class member is impractical.  While Plaintiffs do not currently know the exact number of
27 | class members, Plaintiffs are informed and believe that the actual number exceeds the minimum
28 | required for numerosity under Federal law.

23. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.    Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

G.    Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

H.    Whether Defendants failed to reimburse class members for all necessary business expenses incurred during the discharge of their duties;

I.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

J.    Whether Defendants failed to pay class members all wages without discount;

K.    Whether Defendants used pay cards to pay class members;

L.   Whether Defendants failed to pay class members for all vested vacation wages;

M.   Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

N.   Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203; and

O.   Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

P.   Whether Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.,  Business and Professions Code §§ 7200, *et seq*., and Labor Code sections 201-204, 223, 225.5, 226.2, 226, 226.7, 227.3, 500, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698-99, and 2802 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy.

24.   **Typicality:**   Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereupon alleges that Defendants have a policy or practice of failing to comply with the FLSA, California Labor Code, and California Business and Professions Code as alleged herein.

25.   **Adequacy of Class Representative:**  Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise in conflict with, the interests of absent class members.  Plaintiffs are dedicated to vigorously prosecuting this action on behalf of class members.  Plaintiffs will fairly and adequately represent and protect the interests of class members.

26.   **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

27.   **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to be simultaneously and

efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would therefore make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## PAGA REPRESENTATIVE DEFINITION

28.    Plaintiffs are seeking to represent PAGA aggrieved employees who are defined as follows: "All California resident truck driver employees who worked for what is now known as Dedicated West or Expedited Solutions during the period from December 3, 2018 through February 29, 2024."

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

29.    Plaintiffs LEUZINGER, JENSEN, MATNEY-TATE, and AMEZCUA were employed by Defendants as hourly non-exempt employees during the applicable statutory periods.

30.    Plaintiffs LEUZINGER, JENSEN, MATNEY-TATE, and AMEZCUA are no longer employed by Defendants.

31.    Defendants had a common policy and/or practice of denying Plaintiffs and class members the opportunity to take meal periods, including second meal periods, in compliance with California law. During their employment with Defendants, Plaintiffs and the putative class regularly worked shifts of eight to twelve hours per day, without being afforded a meal break during the first five hours, and/or a second meal break after ten hours, as required by California law.

32.    Plaintiffs and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; (4) interrupting employees with calls and texts during breaks; (5) requiring Plaintiffs and putative class

members to remain on call during their meal and rest periods; and (6) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

33.    Additionally, and as discussed below, Plaintiffs and class members experienced compensable, but unpaid, time having to wait for their time clock system to boot up, thus prohibiting them from taking the timely meal periods and rest breaks to which they were entitled.

34.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their meal periods in order to complete their assignments on time.

35.    Plaintiffs and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; (4) interrupting employees with calls and texts during breaks; (5) requiring Plaintiffs and putative class members to remain on call during their meal and rest periods; and (6) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

36.    As a result of Defendants' policies, Plaintiffs and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the putative class to work through their rest periods in order to complete their assignments on time.

37.    Defendants had a common policy and practice of denying Plaintiffs and class members minimum wages. Specifically, Plaintiffs and class members were required to work off-the-clock for which they were not paid wages. Plaintiffs and class members were required to respond to calls and text messages from Defendant before and after their shifts. Additionally, Plaintiffs and class members were required to respond to calls and text messages during their unpaid meal periods which they were systemically denied. Furthermore, Plaintiffs and class members were experienced

compensable, but unpaid, time in waiting for the time clock system to boot up. Plaintiffs and class members were never paid wages for the off-the-clock work performed. Plaintiffs and class members also were not compensated for all time worked because Defendants rounded their time worked down more than they rounded up. Defendants' uneven rounding resulted in the non-payment of minimum wages for all time worked, as well as the non-payment of overtime wages to Plaintiffs and class members.

38.     As Plaintiffs and class members were regularly, consistently, and frequently scheduled to work, and actually worked, eight (8), ten (10), and sixteen (16) hours a day, for a substantial portion of their shifts. The accrued and unpaid time discussed herein caused Plaintiffs and class members to work in excess of eight (8), ten (10), and sixteen (16) hours a day, entitling them to overtime and double-time wages which they were systemically denied.

39.     Defendants had a common policy and practice of failing to pay Plaintiffs and class members proper overtime and double-time wages. Plaintiffs and class members consistently worked in excess of ten (10) and up to sixteen (16) hours a day. However, Plaintiffs and class members were only paid overtime wages for hours worked in excess of forty (40) hours a week. Additionally, the uncompensated hours discussed above caused Plaintiffs and class members to work in excess of eight (8) hours day and/or forty (40) hours a week, entitling Plaintiffs and class members to overtime and double-time wages which they were systemically denied.

40.     Further, Plaintiffs and class members received non-discretionary and performance-based bonuses in the same pay periods in which Plaintiffs and class members were regularly, consistently, and frequently scheduled to work, and actually worked, in excess eight (8), ten (10), and sixteen (16) hours a day.  Additionally, Plaintiffs are informed and believe, and thereon allege that, during the relevant time frame, Defendants also compensated Plaintiffs and the class members with shift differentials in pay periods where class members worked in excess eight (8), ten (10), and sixteen (16) hours a day.  However, Defendants failed to upwardly adjust Plaintiffs' and class members regular rates of pay by failing to incorporate the value of the bonuses and shift differentials when calculating the overtime and double-time rates of pay. As such, Plaintiff and class members were not properly for overtime and double-time hours worked, and the correct rates of pay.

41.     Defendants further failed to incorporate all bonuses earned and other remunerations into Plaintiffs' and class member's regular rates of pay when calculating meal and rest period premiums.

42.     Defendants failed to properly calculate Plaintiffs' and the class members' regular rate of pay and failed to properly pay overtime and double-time wages because Defendants failed to include all forms of compensation in the regular rate including bonuses, incentives, differentials, commissions, and other compensation in the applicable overtime and double-time rates of pay.

43.     As such, Plaintiffs and class members were required to work overtime and double-time hours each pay period but were not paid their proper overtime and double-time wages for each respective pay period. (*See Landers v. Quality Commun., Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015).)

44.     Defendants also had a common policy and/or practice of failing to reimburse Plaintiffs and class members for necessary business expenditures incurred in executing their duties under Defendants' employ. Plaintiffs and the putative class members were required to utilize their own personal phones to perform their job duties, specifically to communicate with their supervisors and dispatchers throughout their shift. Plaintiffs and class members were also required to purchase strap rollers, and other tools, as part of their work-related duties, for which they were never reimbursed.

45.     Plaintiffs and the putative class members were not reimbursed for these business expenses incurred in maintaining their equipment and cell phone use for business purposes, including text messages and minutes.

46.     Defendants failed to reimburse Plaintiffs and the putative class for such necessary business expenses incurred by them.

47.     Plaintiffs and the putative class accrued vacation wages during their employment with Defendants.

48.     Under California law, vacation wages are considered a form of wages under Labor Code section 200.  Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

49.     At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774.

50.     Plaintiffs and the putative class are entitled to vacation accrued during their employment with Defendants. However, upon termination or separation of employment, Defendants failed to pay Plaintiffs and the putative class for all accrued vacation pay. As such, Plaintiffs and class members were both entitled to vested vacation wages and were denied vested vacation wages in violation of Labor Code § 227. (See *Whitehead v. Pacifica Senior Living Mgt. LLC*, 21-15035, 2022 WL 313844, at *3 (9th Cir. Feb. 2, 2022).

51.     Plaintiffs and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

52.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

53.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

54.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

55.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

### **FIRST CAUSE OF ACTION**

### **FAILURE TO PROVIDE MEAL PERIODS**

### **(Lab. Code §§ 223, 226.7, 512 and 1198)**

56.     Plaintiffs incorporate by reference the preceding paragraphs of the Complaint as if fully alleged herein.

57.     At all relevant times, Plaintiffs and the class members have been non-exempt

employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

58.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

59.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

60.    Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

61.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

62.    Section 11 of the applicable Wage Order states:

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

63.    At all relevant times, Plaintiffs were not subject to a valid on-duty meal period agreement.  Plaintiffs are informed and believe that, at all relevant times, class members were not subject to valid on-duty meal period agreements with Defendants.

64.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and class members with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work

period, as required by Labor Code section 512 and the applicable Wage Order.

65.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to class members when they worked five (5) hours without clocking out for any meal period.

66.    Plaintiffs allege that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiffs and class members  with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

67.    Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

68.    During their employment with Defendants, Plaintiffs and the class members regularly worked shifts of eight to twelve hours per day, without being afforded a meal break during the first five hours, and/or a second meal break after ten hours, as required by California law.

69.    Plaintiffs and the class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; (4) interrupting employees with calls and texts during breaks; (5) requiring Plaintiffs and class members to remain on call during their meal and rest periods; and (6) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

70.    Additionally, and as discussed above, Plaintiffs and class members experienced compensable, but unpaid, time having to wait for their time clock system to boot up, thus prohibiting them from taking the timely meal periods and rest breaks to which they were entitled.

71.    As a result of Defendants' policy, Plaintiffs and the class members were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

worked due to complying with Defendants' productivity requirements that required Plaintiffs and the class members to work through their meal periods in order to complete their assignments on time.

72.    At all relevant times, Defendants failed to pay Plaintiffs and the class members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

73.    Pursuant to Labor Code section 218.6 and 226.7, Plaintiffs, on behalf of themselves and the class members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

74.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the class members, seek to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 223, 226.7 and 1198)

75.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

76.    At all relevant times, Plaintiffs and the class members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

77.    Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

78.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

79.    Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

80.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

81.     Plaintiffs alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing class members of the  with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof, as required by the applicable Wage Order.

82.     Plaintiffs and the class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; (4) interrupting employees with calls and texts during breaks; (5) requiring Plaintiffs and the class members to remain on call during their meal and rest periods; and (6) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

83.     As a result of Defendants' policies, Plaintiffs and the class members were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiffs and the class members to work through their rest periods in order to complete their assignments on time.

84.     At all relevant times, Defendants failed to pay Plaintiffs and the class members additional premium wages when required rest periods were not provided.

85.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiffs, on behalf of themselves and the class members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

86.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and class members, seek to recover reasonable attorneys' fees.

///

///

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2

3

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

4      87.      Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

5    herein.

6      88.      At all relevant times, Plaintiffs and the class members are or have been non-exempt

7    employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage

8    Order.

9      89.      Section 2 of the applicable Wage Order defines "hours worked" as "the time during

10    which an employee is subject to the control of the employer and includes all the time the employee is

11    suffered or permitted to work, whether or not required to do so."

12      90.      Section 4 of the applicable Wage Order requires an employer to pay non-exempt

13    employees at least the minimum wage set forth therein for all hours worked, which consist of all hours

14    that an employer has actual or constructive knowledge that employees are working.

15      91.      Labor Code section 1194 invalidates any agreement between an employer and an

16    employee to work for less than the minimum or overtime wage required under the applicable Wage

17    Order.

18      92.      Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

19    damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition

20    to the underlying unpaid minimum wages and interest thereon.

21      93.      Labor Code section 1197 makes it unlawful for an employer to pay an employee less

22    than the minimum wage required under the applicable Wage Order for all hours worked during a

23    payroll period.

24      94.      Labor Code section 1197.1 provides that it is unlawful for any employer or any other

25    person acting either individually or as an officer, agent, or employee of another person, to pay an

26    employee, or cause an employee to be paid, less than the applicable minimum wage.

27      95.      Labor Code section 1198 makes it unlawful for employers to employ employees under

28    conditions that violate the applicable Wage Order.

96.    Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

97.    Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

98.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

99.    Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

100.    Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to him and the class members with respect to working conditions and compensation arrangements.

101.    At all relevant times, Defendants failed to pay hourly wages to Plaintiffs and the class members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

102.    Section 9 of the applicable Wage Order states:

When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term "uniform" includes wearing apparel and accessories of distinctive design or color.

103.    If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic

estimate of the time involved in maintaining the uniform.

104.    At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiffs with minimum and/or overtime wages for all hours they worked.

105.    Plaintiffs are informed and believe that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate the class members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

106.    During the relevant time period, Defendants failed to pay Plaintiffs and the class members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiffs and the class members to perform off-the-clock work.

107.    Defendants had a common policy and practice of denying Plaintiffs and the class members minimum wages. Specifically, Plaintiffs and the class members were required to work off-the-clock for which they were not paid wages. Plaintiffs and the class members were required to respond to calls and text messages from Defendants before and after their shifts. Additionally, Plaintiffs and the class members were required to respond to calls and text messages during their unpaid meal periods which they were systemically denied. Plaintiffs and the class members were never paid wages for the off-the-clock work performed.

108.    Additionally, Plaintiffs and the class members experienced compensable, but unpaid, time having to wait for their time clock system to boot up, thus prohibiting them from taking the timely meal periods and rest breaks to which they were entitled.

109.    Further, Plaintiffs and the class members received bonuses in the same pay periods in which Plaintiffs and the class members received overtime pay. However, Defendants failed to adjust Plaintiffs' and the class members' regular rates of pay by failing to incorporate the value of the bonus when calculating the overtime pay.

110.    Plaintiffs and the class members also were not compensated for all time worked because Defendants rounded their time worked down more than they rounded up. Defendants' uneven

1    rounding resulted in the non-payment of minimum wages for all time worked, as well as the non-

2    payment of overtime wages to Plaintiffs and the class members.

3         111.    Defendants further failed to incorporate all bonuses earned and other remunerations

4    into Plaintiffs' and the class member's regular rates of pay when calculating meal and rest period

5    premiums.

6         112.    Plaintiffs are informed and believe, and thereon allege that, during the relevant time

7    frame, Defendants also compensated Plaintiffs and the class members with shift differentials, but

8    failed to incorporate the shift differentials into the regular rate of pay for overtime calculation

9    purposes and therefore were provided inaccurate overtime pay.

10         113.    Defendants failed to properly calculate Plaintiffs' and the class members' regular rate

11    of pay because Defendants failed to include all forms of compensation in the regular rate including

12    bonuses, incentives, differentials, commissions, and other compensation.

13         114.    Defendants had a common policy and practice of failing to pay Plaintiffs and the class

14    members proper overtime and double-time wages. Plaintiffs and the class members consistently

15    worked in excess of ten (10) and up to sixteen (16) hours a day. However, Plaintiffs and the class

16    members were only paid overtime wages for hours worked in excess of forty (40) hours a week.

17    Additionally, the uncompensated hours discussed above caused Plaintiffs and the class members to

18    work in excess of eight (8) hours day and/or forty (40) hours a week, entitling Plaintiffs and the class

19    members to overtime and double-time wages which they were systemically denied.

20         115.    Plaintiffs and the class members were regularly, consistently, and frequently

21    scheduled to work, and actually worked, eight (8), ten (10), and sixteen (16) hours a day, for a

22    substantial portion of their shifts. The accrued and unpaid time discussed herein caused Plaintiffs

23    and the class members to work in excess of eight (8), ten (10), and sixteen (16) hours a day, entitling

24    them to overtime and double-time wages which they were systemically denied.

25         116.    As such, Plaintiffs and class members were required to work overtime and double-

26    time hours each pay period, but were not paid their proper overtime and double-time wages for each

27    respective pay period. (*See Landers v. Quality Commun., Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), <u>as</u>

28    <u>amended</u> (Jan. 26, 2015).)

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

117.    As a result of Defendants' unlawful conduct, Plaintiffs and the class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

118.    Pursuant to Labor Code sections 218.6, 223, 510, 1194 and 1194.2, Plaintiffs, on behalf of themselves and the class members, seeks to recover unpaid straight time and overtime wages, interest thereon and costs of suit.

119.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the class members, seek to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY VACATION WAGES

### (Lab. Code § 227.3)

120.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

121.    California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

122.    At all relevant times during the applicable limitations period, Plaintiffs and class members accrued vacation time during their employment with Defendants.

123.    As a result of their vacation policies and practices, Plaintiffs are informed and believe and thereon allege that Defendants failed to pay them and the class members for all accrued or vested vacation wages.

///

124.    Plaintiffs and the class members are entitled to vacation accrued during their employment with Defendants.  However, upon termination or separation of employment, Defendants failed to pay Plaintiffs and the class members for all accrued vacation pay. As such, Plaintiffs and the class members were both entitled to vested vacation wages, and were denied vested vacation wages in violation of Labor Code § 227. (*See Whitehead v. Pacifica Senior Living Mgt. LLC*, 21-15035, 2022 WL 313844, at *3 (9th Cir. Feb. 2, 2022).

125.    By reason of the above, Plaintiffs and the class members are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

126.    Plaintiffs, on behalf of themselves and the class members, seek interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY

### (Lab. Code § 2802)

127.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

128.    Labor Code section 2802(a) states:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

129.    At all relevant times during the applicable limitations period, Plaintiffs and the class members incurred necessary business-related expenses and costs, including but not limited to, personal cell phone bills, including call minutes and messaging rates, and the purchase price of gloves in order to execute their duties under Defendants' employ.

130.    Plaintiffs are informed and believe, and thereupon allege that Defendants failed to indemnify Plaintiffs and the class members for all necessary expenses incurred in the discharge of their duties.

131.    Pursuant to Labor Code section 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form and make of uniforms required to be worn by their employees.

132.    Section 9 of the applicable Wage Order states:

When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer.  The term "uniform" includes wearing apparel and accessories of distinctive design or color.

133.    At all relevant times during the applicable limitations period, Defendants required Plaintiffs and the class members to pay for expenses and/or losses caused by Defendants' want of ordinary care.

134.    Plaintiffs are informed and believe that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiffs and the class members for these necessary business expenses.

135.    Accordingly, Plaintiffs and the class members are entitled to restitution for all unpaid amounts due and owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

136.    Plaintiffs, on behalf of themselves, and the class members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

137.    Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

138.    Labor Code section 226(a) states:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

139.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

140.    Plaintiffs are informed and believe that, at all relevant times during the applicable limitations period, Defendants have failed to provide the class members with written wage statements as described above.

141.    Plaintiffs are informed and believe that Defendants' failure to provide him and the class members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

142.    Plaintiffs and the class members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of

1   inaccurate information about wages and deductions to federal and state government agencies.

2   143.   Pursuant to Labor Code section 226(e), Plaintiffs, on behalf of themselves and the

3   class members, seek the greater of actual damages or $50.00 for the initial pay period in which a

4   violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in

5   which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of

6   $4,000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

7   **SEVENTH CAUSE OF ACTION**

8   **FAILURE TO TIMELY PAY ALL FINAL WAGES**

9   **(Lab. Code §§ 201-203)**

10   144.   Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged

11   herein.

12   145.   At all relevant times, Plaintiffs and the class members have been entitled, upon the end

13   of their employment with Defendants, to timely payment of all wages earned and unpaid before

14   termination or resignation.

15   146.   At all relevant times, pursuant to Labor Code section 201, employees who have been

16   discharged have been entitled to payment of all final wages immediately upon termination.

17   147.   At all relevant times, pursuant to Labor Code section 202, employees who have

18   resigned after giving less than seventy-two (72) hours' notice of resignation have been entitled to

19   payment of all final wages within seventy-two (72) hours of giving notice of resignation.

20   148.   During the applicable limitations period, Defendants failed to pay Plaintiffs all of their

21   final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

22   149.   Plaintiffs are informed and believe that, at all relevant time during the applicable

23   limitations period, Defendants have failed to timely pay the class members all of their final wages in

24   accordance with the Labor Code.

25   150.   Plaintiffs are informed and believe that, at all relevant times during the applicable

26   limitations period, Defendants have maintained a policy or practice of paying the class members their

27   final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely

28   pay them all final wages.

151.     Plaintiffs are informed and believe and thereupon allege that Defendants' failure to timely pay all final wages to them and the class members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

152.     Pursuant to Labor Code sections 203 and 218.6, Plaintiffs, on behalf of themselves and the class members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

153.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiffs, on behalf of themselves and the class members, seek awards of reasonable attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

154.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

155.     Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

156.     California's Unfair Competition Law, Business and Professions Code sections 17203-17204 (UCL), allows a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

157.     California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

158.     Plaintiffs and the class members re-allege and incorporate the FIRST, SECOND, THIRD, FOURTH, FIFTH, and SIXTH causes of action herein.

159.     Plaintiffs and the class members lost money or property as a result of the aforementioned unfair competition.

160. Defendants have or may have acquired money by means of unfair competition.

161. Plaintiffs are informed and believe and thereupon allege that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 212, 215, 216, 225, 226.6, 227.3, 354, 408, 553, 1175, 1199, and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

162. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, provide non-exempt employees with uninterrupted, duty-free rest periods of at least ten minutes for each work period of four or more hours, by failing to pay non-exempt employees for all hours worked, failing to pay wage without discount, failing to pay vested vacation wages, and by failing to reimburse them for all expenses.

163. At all relevant times, Plaintiffs and the class members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

164. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

165. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiffs and the class members have suffered an injury-in-fact and have lost money or property in the form of earned wages. Specifically, Plaintiffs have lost money or property as a result of Defendants' conduct.

166. Plaintiffs are informed and believe that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

167. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in

1  the State of California that comply with their legal obligations.

2      168.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

3  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates

4  or is considered unlawful under any other state or federal law.

5      169.    Pursuant to Business and Professions Code section 17203, Plaintiffs on behalf of

6  themselves and the class members, seek declaratory relief and restitution of all monies rightfully

7  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

8  and unfair business practices.

9      170.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

10  and/or the common fund doctrine, Plaintiffs and the class members are entitled to recover reasonable

11  attorneys' fees in connection with their unfair competition claims.

## NINTH CAUSE OF ACTION

### FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED

### IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

#### (29 U.S.C. § 201, *et seq.*)

16      171.    Plaintiffs incorporate the preceding paragraphs of the Complaint as though fully

17  alleged herein.

18      172.    At all material times herein, Plaintiffs and all similarly situated class members who

19  submit "Consents to Become Party Plaintiffs" are or were employed by and engaged in providing

20  services necessary by Defendant, and have been entitled to the rights, protections, and benefits

21  provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

22      173.    The FLSA requires, among other things, that employers pay employees the minimum

23  wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207, 215.

24      174.    At all material times, the time spent compensable time waiting for the time clock to

25  boot up, performed work related tasks, before and after their shifts, and performed work related duties

26  during unpaid meal periods. These uncompensated hours were necessarily and directly related to the

27  principal activities of the employee's duties, and thus constitutes compensable time under the FLSA

28  and is subject to the FLSA's overtime requirements. 29 C.F.R. § 785.38.

175.    At all material times herein, Defendants have violated the FLSA by failing to pay Plaintiffs for all hours worked and at the applicable rates of pay.

176.    At all material times herein, Defendants have violated the FLSA by failing to pay class members at one-and-one-half (1.5) times the regular rate of pay when working time causes an employee's total hours worked to exceed forty (40) hours a week, and or eight (8), ten (10), twelve (12), and sixteen (16) hours a day.

177.    Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by class members in violation of 29 U.S.C. § 2ll(c).

178.    Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all (employees) employed by Defendants.

179.    As discussed above, Plaintiffs and the class members were regularly, consistently, and frequently scheduled to work, and actually worked, eight (8), ten (10), and sixteen (16) hours a day, for a substantial portion of their shifts. The accrued and unpaid time discussed herein caused Plaintiffs and the class members to work in excess of eight (8), ten (10), and sixteen (16) hours a day, entitling them to overtime and double-time wages which they were systemically denied.

180.    Defendants had a common policy and practice of failing to pay Plaintiffs and the class members proper overtime and double-time wages. Plaintiffs and class members consistently worked in excess of ten (10) and up to sixteen (16) hours a day. However, Plaintiffs and the class members were only paid overtime wages for hours worked in excess of forty (40) hours a week. Additionally, the uncompensated hours discussed above caused Plaintiffs and class members to work in excess of eight (8) hours day and/or forty (40) hours a week, entitling Plaintiffs and the class members to overtime and double-time wages which they were systemically denied.

181.    Additionally, Defendants failed to properly calculate Plaintiffs' and the class members' regular rate of pay and failed to properly pay overtime and double-time wages because Defendants failed to include all forms of compensation in the regular rate including bonuses, incentives, differentials, commissions, and other compensation in the applicable overtime and double-time rates of pay.

182.    As such, Plaintiffs and the class members were required to work overtime and double-time hours each pay period, but were not paid their proper overtime and double-time wages for each respective pay period. (See *Landers v. Quality Commun., Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), <u>as amended</u> (Jan. 26, 2015).)

183.    Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

184.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

185.    As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated individuals. Defendants are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action. 29 U.S.C.§ 216(b).

## TENTH CAUSE OF ACTION

### CIVIL PENALTIES

### THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

### (Lab. Code § 2698 *et seq.*)

186.    Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

187.    On September 24, 2021 and April 12, 2024, Plaintiff Matney-Tate complied with notice requirements pursuant to Labor Code section 2699.3. A copy of the letters sent to the LWDA are attached hereto as **Exhibit A**, indicating that the LWDA and Defendants were put on notice of the claims alleged here and that the notice requirement has been satisfied. Sixty-five days have passed and the LWDA has not indicated intent to investigate the claims. Therefore, Plaintiff may proceed

with this action in a representative capacity. The substance and violations set forth in this Complaint of which the LWDA was provided timely notice, Plaintiff has also sent a copy of this PAGA Representative Action Complaint to the LWDA.

188.    Plaintiff is an aggrieved employee as defined in Labor Code Section 2699(a). Plaintiff brings this cause of action on behalf of all current and former California Non-Exempt Employees of Defendants.

189.    Pursuant to Labor Code section 2699(a) Plaintiff seek to recover civil penalties for which Defendants are liable due to numerous Labor Code violations as set forth in this Complaint, including without limitation Labor Code section 201-203, 510, 512, 558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, 2802, and 2698 *et seq.,* applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11000 *et. seq*.

190.    At all times relevant, Plaintiff and all other aggrieved employees regularly performed non-exempt work in excess of 50% of the time, and thus, were subject to the meal and rest break requirements of the applicable IWC wage order and the Labor Code.

191.    Defendants violated Labor Code section 200, 558, 1194, 1197, by failing to accurately pay at least minimum wages due as a result of Defendants requiring Plaintiff and Aggrieved Employees to perform work related tasks off the clock, both before they were on the clock and after they were off the clock. Plaintiffs and class members also were not compensated for all time worked because Defendants rounded their time worked down more than they rounded up. Defendants' uneven rounding resulted in the non-payment of minimum wages for all time worked, as well as the non-payment of overtime wages to Plaintiffs and class members.

192.    Defendants violated Labor Code sections 510 and 1194 by failing to accurately pay overtime wages owed as discussed above due to Defendants' failure to incorporate bonuses, shift differentials and other forms of remuneration as described above into the regular rate of pay for overtime calculation purposes. Therefore, Defendants violated section 510, and 1194 by not compensating its Non-Exempt Employees for work performed in excess of eight hours (8) in a day or forty hours in a work week (40). Section 510 of the Labor Code codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in

excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

193.    Defendants failed to provide Plaintiffs and all other aggrieved employees uninterrupted duty-free meal periods of not less than thirty (30) minutes. Defendants implemented and enforced policies of on duty meal period practices which required employees to work during their meal periods, to forego their meal periods, and/or to return to work from meal periods prior to thirty (30) uninterrupted minutes. As a proximate result of the aforementioned violations, Plaintiffs and all other aggrieved employees have been damaged in an amount according to proof at time of trial.

194.    Plaintiffs, and on information and belief, all aggrieved employees, were systematically not permitted or authorized to take ten-minute rest periods for every four hours worked or major fraction thereof, which is a violation of the Labor Code and IWC wage order. Plaintiffs and on information and belief, aggrieved employees, were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendants' policies, practices, or work demands. By failing to authorize and permit a ten-minute rest period for every four hours or major fraction thereof worked per day by its Non-Exempt Employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and the applicable IWC Wage Order.

195.    Defendants also willfully violated Labor Code sections 201-203 by failing to provide all owed wages at separation from employment. Labor Code sections 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

196.    Plaintiffs and all other aggrieved employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to compensation regular and overtime wages, and for non-provided meal and rest periods, but to date have not received

1  such compensation, therefore entitling them to penalties under PAGA for violations of Labor Code

2  sections 201-203.

3       197.    On information and belief, Defendants willfully failed to pay all wages due and owing

4  upon separation from employment. These wages include regular and overtime wages, and meal and

5  rest period premiums.

6       198.    On information and belief, Defendants failed to provide accurate itemized wage

7  statements which failed to include the rate of pay and total hours worked per pay period, failed to

8  account for all hours worked, including overtime, and lastly the accurate accounting of, the lawful

9  meal and rest period premiums due and owing to Plaintiffs and the aggrieved employees, pursuant to

10  Labor Code section 226(a).

11       199.    Defendants have failed to provide Plaintiffs and Aggrieved Employees rates of pay

12  and the hours for which they worked for any given pay period.

13       200.    Defendants have failed to accurately record all time worked.

14       201.    Defendants have also failed to accurately record the meal and rest period premiums

15  owed and all wages owed per pay period.

16       202.    Defendants also provided an incorrect name for the employer and did not accurately

17  reflect the rate for the shift differential. Also, on information and belief, Defendants changed the name

18  of their entity, but did not reflect this change on the wage statements.

19       203.    Plaintiffs and Aggrieved Employees have been injured as they were unable to

20  determine whether they had been paid correctly for all hours worked per pay period, among other

21  things.

22       204.    Pursuant to Labor Code section 226.3, any employer who violates subdivision (a) of

23  Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

24  employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each

25  violation in a subsequent citation, for which the employer fails to provide the employee a wage

26  deduction statement or fails to keep the records required in subdivision (a) of Section 226.

27       205.    On information and belief, Defendants failed to reimburse Plaintiffs and Aggrieved

28  Employees for business expenses incurred as described above. Labor Code section 2802 requires

1    Defendants to indemnify Plaintiffs and Aggrieved Employees for necessary expenditures incurred in

2    direct consequences of the discharge of his or her duties. Despite these realities of the job, Defendants

3    failed to provide reimbursements.

4        206.    Labor Code section 2804 states in pertinent part: "Any contract or agreement, express

5    or implied, made by any employee to waive the benefits of this article or any part thereof is null and

6    void, and this article shall not deprive any employee or his or her personal representative of any right

7    or remedy to which he is entitled under the laws of this State.

8        207.    Additionally, Defendants have no accurate records relating to aggrieved employees'

9    work periods, meal periods, total daily hours worked, total hours worked per payroll period and

10   applicable pay rates, in violation of Wage Order. Similarly, Defendants failed to maintain accurate

11   records relating to hours worked daily in violation of Labor Code sections 1174(d), 1174.5.

12       208.    As a result of Defendants' unlawful conduct, Plaintiffs and Aggrieved employees are

13   entitled to penalties to the extent they were not paid at the prevailing wage rate for all hours worked.

14       209.    Plaintiffs and the Representative Aggrieved Employees are entitled to recover

15   Penalties and attorneys' fees and costs sunder Labor Code section 2698, *et. seq*.

16                                   **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for

18   relief and judgment against Defendants for the following relief:

19           A.    An order that the action be certified as a class action;

20           B.    An order that Plaintiffs be appointed class representatives;

21           C.    An order that counsel for Plaintiffs be appointed class counsel;

22           D.    Unpaid wages;

23           E.    Actual damages;

24           F.    Liquidated Damages;

25           G.    Unpaid vacation wages;

26           H.    Unreimbursed expenses;

27           I.    Restitution;

28           J.    Declaratory relief;

K.    Pre-judgment interest;

L.    Statutory penalties;

M.    Costs of suit;

N.    Penalties according to proof, pursuant to Labor Code §§ 2698 et seq.

O.    Reasonable attorneys' fees; and

P.    Such other relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, hereby demand a jury trial on all issues so triable.


Dated:  September 17, 2024             SETAREH LAW GROUP
                                       JAMES HAWKINS APLC


                                         /s/ Gregory Mauro
                                       _____
                                       JAMES HAWKINS
                                       GREGORY MAURO

                                       Attorneys for Plaintiffs

THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

# CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT     )
                                     )     SS

NORTHERN DISTRICT OF CALIFORNIA    )

       I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to this action. My business address is: 9880 Research Drive Suite 200, Irvine, CA 92618.

       I hereby certify that on September 18, 2024, I served on the interested parties in this action the following document(s) entitled:

- **THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

[XX]   BY ELECTRONIC SERVICE: Based on a court Order or an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from the email address Alma@jameshawkinsaplc.com to the persons at the e-mail addresses listed in the Service List above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

## **SERVICE LIST**

[    ] I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Northern District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[XX]  I declare under penalty of perjury under the laws of the State of California and The United States of America that the above is true and correct.

     Executed on September 18, 2024 at Irvine, California.


                           */s/ Alma Chavarin*
                          ALMA CHAVARIN

1

2    Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
3    Jose Maria D. Patino, Jr. (SBN 270194)
     jose@setarehlaw.com
4    SETAREH LAW GROUP
     9665 Wilshire Blvd., Suite 430
5    Beverly Hills, California 90212
     Telephone (310) 888-7771
6    Facsimile (310) 888-0109

7

8    Kristen J. Nesbit (SBN 242426)
     E-Mail:  knesbit@fisherphillips.com
9    Shaun J. Voigt (SBN 265721)
     E-Mail:  svoigt@fisherphillips.com
10   Jeffrey Elkrief (SBN 321030)
     E-Mail:  jelkrief@fisherphillips.com
11   FISHER & PHILLIPS LLP
     444 South Flower Street, Suite 1500
12   Los Angeles, California 90071
     Telephone: (213) 330-4500
13   Facsimile:  (213) 330-4501

14

15   **<u>Via LWDA Website Only</u>**
     Labor and Workforce Development Agency
16   Attn: PAGA Administrator
     1515 Clay Street, Ste 801
17   Oakland, CA  94612
18    http://www.dir.ca.gov/Private-Attorneys-General-Act

19

20

21

22

23

24

25

26

27

28